## No. 273
## CINCI. TRACTION CO. v. MASTERS
No. 18343. Ohio Supreme Court
Error to Hamilton Appeals
Motion for order to certify, docketed Jan. 29, 1924, 2 Abs. 98.

**1115. STREET RAILWAYS — Collision with wagon.**

This was an action to recover for personal injuries in the Hamilton Common Pleas in which Masters was plaintiff and The Cincinnati Traction Company was defendant.

The parties are herein referred to as plaintiff and defendant as they appeared in the trial court. Masters was injured in a collision between one of the Street Car Company's cars and a wagon belonging to and driven by Masters along a certain street in Cincinnati. As Masters was driving eastward along this street an eastbound street car approached him from behind ringing its gong. It was very foggy at the time and impossible to see very far ahead. As he was not able to turn out to the

Continued on Page 253

# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

Attorneys—Joseph Mellon, for Mellon; Squire, Sanders & Dempsey, for Railway Co., all of Cleveland.

No. 275
### SCHWARTZ v. STATE
Ohio Appeals, 2nd Dist., Franklin County
No. 1151. Rendered March 19, 1924
Funk, Pardee and Washburn (9th Dist.), JJ. sitting

114. ATTORNEY AND CLIENT—Disbarment proceedings a statutory remedy, distinguishable from both civil and criminal actions—State not a party and prosecuting attorney cannot weive service of summons in error—His so doing leaves Court of Appeals without jurisdiction.

WASHBURN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Disbarment proceedings were instituted in the Franklin Common Pleas against Schwartz, an attorney at law, by appointing a committee of lawyers to prefer and prosecute charges against him. Prosecution was had in accordance with 1707 et seq GC. and judgment of removal and disbarment was rendered.

An effort was made to take this case into the Court of Appeals on error and a petition in error was filed. Several legal questions arose relating to the 70-day limitation upon the filing, as to the entry of appearance by the State and its waiver, signed by the prosecuting attorney, but the Court of Appeals held that the only question for determination in the case was whether it had jurisdiction to review on error the judgment of the Common Pleas and decided as follows:

"In Ohio a disbarment proceeding is purely statutory; it is a special proceeding of a summary character and it is neither an ordinary civil action nor a criminal prosecution, and is distinguishable from both with respect to the object sought and the procedure governing civil and criminal actions; it is an inquiry or investigation as to the conduct of an attorney, instituted by order of the court, not to mete out punishment to the offender, but its purpose is to protect the administration of justice and the courts and the public from the misconduct of those who are licensed to practice law."

"The caption or style of the proceeding is of little importance, but however styled, the State of Ohio is not a party to the proceeding, and if the prosecuting attorney is not appointed by the court as one of the committee to prefer and prosecute charges, he is not required nor authorized to prosecute such charges, and where he is not so appointed and has had nothing to do with the preparation or prosecution of such charges in the Common Pleas Court, his waiver in writing of the issuance or service of a summons in error will not give the Court of Appeals jurisdiction to review such proceeding."

The Court expressed its regret that the plaintiff in error would not have an oppor-

tunity to have the Court pass upon the merits of the case, and its consideration for a party's right to have his case reviewed regardless of any mere technicality, but held that the question raised was one of jurisdiction, and, for that reason, it was compelled to sustain the motion to dismiss the petition in error.

Attorneys—Harry A. Williams, Horace S. Kerr and James A. Boulger, Disbarment Committee, for the motion; Charles E. Belcher and Thomas H. Clark, contra, of Columbus.

---

No. 276

JACOBSON v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4995. Decided Jan. 28, 1924

333. CRIMINAL LAW AND PRACTICE— Conviction for speeding sustained although supported by the testimony of only one policeman.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

Jacobson was tried and convicted in the Cleveland Municipal Court for violation of the automobile law, in driving at a greater rate of speed than is allowed by law, to-wit, 31 miles per hour on Superior avenue in the city between 25th and 40th streets. The only evidence on behalf of the City was given by the police officer who followed Jacobson and finally arrested him. The affidavit charged that Jacobson had once before been fined for fast driving. Jacobson, acting as his own lawyer, admitted the former conviction and fine. The City rested and Jacobson made a motion for judgment in his favor which was overruled. He then denied all the statements the policeman had made, and rested. The police prosecutor then cross-examined him. The court fined Jacobson $25 and committed him to the workhouse for five days. Jacobson prosecuted error, contending:

1. That the judgment was contrary to the weight of the testimony;

2. That there could be no conviction on the uncorroborated testimony of the policeman;

3. That he was compelled, in violation of his constitutional rights, to testify against himself. Held:

The judgment is not so manifestly against the weight of the evidence as to warrant its reversal. A conviction may well be had on the uncorroborated testimony of one policeman. The record discloses that Jacobson was not compelled to testify. He could not act in a dual capacity and as a lawyer deny the testimony of the policeman and then not be subject to cross-examination as a witness. Judgment affirmed.

Attorneys—Jacobson & Jacobson, for Jacobson; C. Jilek, for City, all of Cleveland.

No. 277

DOURM v. CALEDONIAN INS. CO.

Ohio Appeals, 9th Dist., Summit County

No. 761. Decided Jan. 16, 1924

647. INSURANCE—Evidence to show a waiver of the conditions of a policy of insurance is not admissible, unless a foundation therefore is laid in the pleadings.

FUNK, P. J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Original action to recover on an insurance policy brought in the Common Pleas of Summit County, wherein Florence B. Dourm was plaintiff and The Caledonian Insurance Co. of Scotland, was defendant. The petition declared that defendant had insured Dourm's automobile for $2,800; that said automobile was destroyed by fire causing a total loss amounting to $2,800; that Dourm had duly performed all the conditions on her part to be performed; and that defendant had failed to pay any part of said loss. Defendant, by way of answer, denied any liability and alleged that Dourm did not comply with all the conditions of the policy; that the policy provided that defendant company should not be liable beyond the actual cash value of the property at the time of loss; that the ascertainment and estimate of the amount of loss should be made by the assured and the company, and if they differed, then by the appraisal of the two appraisers and an umpire whose appointment was provided for by the terms of the policy; that no agreement as to the amount of loss had been reached between Dourm and the company; that no appraisers had been appointed and that Dourm had made no demand for their appointment as required by the provisions of the policy. The answer further denied that the value of the automobile was $2,800.

In reply, Dourm did not plead any waiver of the conditions of the policy, but she made only a general deniel of the answer. At the trial, Dourm offered to prove that defendant had waived certain conditions of the policy. This evidence was excluded by the trial court. Later, on motion of defendant, the court directed a verdict for defendant. Dourm prosecuted error. Held:

The rule is well established that to entitle an insured to maintain action to recover under a policy of insurance he must show either that he has performed the conditions or has a legal excuse for the non-performance thereof. Evidence is not competent to prove a waiver of the conditions on an insurance policy, or a legal excuse for the non-performance of such conditions, unless such waiver or legal excuse is averred in the pleadings. The trial court properly ruled out the evidence excluded. There was no error in granting the

## STATE COURT OF APPEALS—Continued

motion to direct a verdict for defendant. Judgment affirmed.

Attorneys—Owen M. Roderick, for Dourm; John H. McNeal and Lee J. Myers, for the Insurance Co., all of Cleveland.

---

### No. 278
### CHARCOSKI v. SKINNER

Ohio Appeals, 9th Dist., Summit County

No. 788. Decided Jan. 14, 1924

715. LIBEL AND SLANDER—Where petition alleged slander uttered on March 13th, held no error in Court's charge to jury to find for defendant unless they found that said slander was uttered during the month of March.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages for slander brought in the Common Pleas of Summit County, wherein Gusta Skinner was plaintiff and Bernice Charcoski was defendant. The petition alleged that on the 13th day of March, 1923, Charcoski said of Skinner that she poisoned her husband and was a whore. Charcoski, on the stand, simply denied that she made any such statement on March 13th; she did not deny that she made such statement on other days.

The witness who testified to the utterance of the slander testified that she could not give the exact day of the utterance and once said she could not even tell the month, but three times on direct examination she testified that it was during the month of March and on cross-examnation she said Charcoski had uttered the charge frequently for several years before March 13th and during the month of March and even after suit was brought. A verdict was rendered for Skinner for $400, which the trial judge reduced to $200, the court finding expressly that the verdict was not the resu't of passion or prejudice. Charcoski prosecuted error, contending there was no evidence that the slander was uttered on the day charged, or at least that the finiding of the jury that the slander was uttered at that time was manifestly against the weight of the evidence. Held:

The court specifically charged the jury that they should return a verdict for defendant unless they found that the slander was uttered by defendant during the month of March. This was not error. The jury was fully warranted in finding that the slander was uttered during the month of March. This Court will not disturb the judgment on the ground that the verdict was the result of passion and prejudice,

since the trial court specifically found that this was not so. Judgment affirmed.

Attorneys—Nelan & Walsh and Hole, Jerefiah & Jewitt, for Charcoski; Paul G. Russell, for Skinner.

---

### No. 279
### EDLIS CO. v. SPERO

Ohio Appeals, 7th Dist., Mahoning County

Decided Jan. 2, 1924

118L. TRADE & TRADE NAMES & MARKS—The words "Hair Trainer" held to be merely descriptive and not such as may be subject to exclusive appropriation under the Trade Mark Registration Act.

BY THE COURT.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Mahoning Common Pleas, wherein The Edlis Barbers' Supply Co., plaintiff, sought to enjoin defendant, Harry Spero, doing business as Silver Bell Chemical Co., and the Youngstown Barbers' Supply Co. from the manufacture and sale of a toilet preparation which was alleged to be similar to one manufactured and sold by plaintiff and upon which, it was said, a similar label was used in violation of plaintiff's rights.

Plaintiff used a trade mark, "Hair Trainer," as a label for a liquid cream for holding the hair in position, and had it duly registered in the United States Patent Office. Defendant, Spero, put on the market a similar preparation and on the label of the bottle were the words "Hair Trainer" and also the words "Marve'ous Luster Sheen." Defendants contended that plaintiff was not entitled to protection because of 9490 U. S. Statutes, which provided that no mark merely in words which are descriptive of the goods should be registered under the Act. In the Common Pleas a finding and judgment were had for defendants. The Edlis Co. perfected an appeal. Held:

The Trademark Registration Act does not secure to any person the exclusive use of a trademark consisting merely of words descriptive of the qualities of an article of trade. Other like goods may be manufactured or dealt in by others, who may use the same language of description in placing their goods before the public. 252 U. S. 543, 544. Plaintiff admitted that the name of its product is merely descriptive, and a number of witnesses testified that there are numerous simi'ar products on the market. If plaintiff's trademark were an arbitrary or fanciful use of words, then plaintiff would be entitled to

relief, or if used in connection with some particular thing non-descriptive in character. The words "Hair Trainer" do not indicate ownership either in their own meaning or by association, therefore they are not subject to exclusive appropriation.

Judgment for defendants.

Attorneys—H. T. Rapport and Wilson, Hahn, Henderson & Wilson, for the Edlis Co.; Shelley M. Strain, for defendants, all of Youngstown.

---

No. 280

CURTIN, Admr., v. WOODLAND CEMETERY ASSOCIATION

Ohio Appeals, 2nd Dist., Montgomery County
No. 553. Rendered March 29, 1924

616. NEGLIGENCE — Safeguarding excavations,—attractive nuisances—Admissibility of city ordinance as evidence.

FERNEDING, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

The Cemetery Association maintained an artificial pond on its premises about 5 feet distant from an alley which had been in existence for many years. Along this alley it had constructed a tight board fence upon which a board had been removed, leaving an opening through which a child crawled and was drowned in the pond. Suit was brought in the Montgomery Common Pleas to recover for wrongful death, resulting in a judgment for the Association. To reverse this judgment error was brought in the Court of Appeals, which held:

An ordinance of the City of Dayton makes it the duty of every person erecting any building, or making any improvement on or near any sidewalk, street or alley in the city, whereby an excavation is made, or material accumulated, to place around the same a substantial rail or guard which will prevent any danger from accidents. The plaintiff below sought to introduce this ordinance in evidence, but the court excluded it, holding that it was intended to apply to temporary constructions only, and even if the ordinance did apply it was not violated, as the fence rails constituted guards within its meaning.

The law of attractive nuisances as to children has been settled in this State and we think the trial court followed the decision of the Supreme Court in its charge to the jury and in its ruling throughout the trial and the judgment will be affirmed.

Attorneys—Joseph W. Sharts, for Curtin; McMahon, Corwin & Landis, contra, all of Dayton.

---

No. 281

HELEN PLANTZ v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
Decided Jan. 21, 1924

921. PHYSICIAN AND SURGEON—Practicing medicine in Ohio, not a violation of statute, unless for a consideration.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

Plantz was accused in the Cleveland Municipal Court, under the statute for practicing medicine without a license. In this case, it seems that Mrs. Plantz was engaged in a dual capacity. She administers massages at different times, and also as a spiritual medium received and delivered messages, and she was dispensing both apparently.

Practicing medicine, in Ohio, has been well defined, and one must give medicine or treatment for money or something else of value, in order to be practicing medicine. It is hard to gather from the record whether on this occasion she was giving a message or a massage, as the record is silent upon the question, or if not silent, it shows that she did not get any consideraton for either treatment. On account of a failure of proof the verdict and judgment of the court below must be reversed and the accused is discharged.

Attorneys—H. G. Glick, for Planz; J. A. Jilek, for the State, both of Cleveland.

---

No. 282

WIEMER CO. v. WISE CO.

Ohio Appeals, 9th Dist., Summit County
No. 747. Decided Nov. 26, 1923

1227. WORDS AND PHRASES—"Other places" in ordinance prohibiting fires in streets, alleys or other places, is restricted to public places and does not apply to private places.

874. ORDINANCES—Requiring permission of chief of police to start fires in streets, etc., is delegation of legislative power invalidating ordinance.

751. MASTER AND SERVANT—Inference that driver of truck bearing name of defendant does not justify inference that he was employed to start fire damaging plaintiff.

829. NEGLIGENCE—Charging negligence to be want of ordinary care is inadequate when negligence is gist of action.

WASHBURN, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Original action for damages in the Summit Common Pleas wherein the Wise Furnace Co. was plaintiff and the E. H. Wiemer Co. was defendant. A fire built upon a vacant lot which lay between the two companies spread to plaintiff's property and caused the loss complained of. It was alleged that defendant

## STATE COURT OF APPEALS—Continued

company negligently started the fire. Verdict and judgment being rendered for plaintiff, defendant prosecuted error, contending first, that the trial court erred in admitting in evidence an ordinance of the city forbidding the kindling of "any fire in or upon any of the streets, alleys, park or other places within two hundred feet of any building, without permission given by the chief of the fire department."

Second, that the evidence was insufficient to sustain the verdict, and, third, that the court erred in charging the jury. The Court of Appeals held:

1. The ordinance was improperly admitted because "other places" means other public places and not private porperty. General words following particular and specific words must be confined to the same kind as those specified, 38 OS. 659. Moreover the validity of the ordinance may be doubted because of its attempted delegation of legislative authority to the chief of police. See 107 OS. 223.

2. The only evidence to show that defendant company kindled the fire was that a man driving a truck on which was the name of defendant company drove onto the lot, dumped some rubbish and set it on fire. Proof of the fact, by interfence, that defendant owned the truck would not justify the further inference that the driver was in the employ of defendant and acting within the scope of his employment, 107 OS. 204.

3. In the charge to the jury the trial court omitted the subject of negligence until requested to charge on that subject, and to that request the court simply said to the jury: "Negligence is the want of ordinary care." That was not an adequate response in view of the fact that negligence was the gist of the action, 104 OS. 519. Judgment reversed and cause remanded.

Attorneys—Greenberger & Hotchkiss, for the Wiener Co.; Whittemore & Motz, for the Wise Co.; all of Akron.

---

### No. 283
### SPROUL v. LACHMAN

Ohio Appea's, 8th Dist., Cuyahoga County
No. 4830. Decided Jan. 28, 1924

1229. VENDOR AND PURCHASER—Provision in land contract that on default by purchaser the vendor might take possession and retain all payments made, contstrued a penalty and not a provision for liquidated damages.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in Common Pleas of Cuyahoga County, wherein Virginia Lachman was

plaintiff and Louis G. Sproul was defendant. Sproul sold Lachman a two-suite apartment house for $9,500 on land contract which provided for the payment of $1,000 down and $85 each month thereafter until the remainder was paid, and that on default in any payment when due Sproul might take immediate possession and retain all payments made, as liquidated damages. After Lachman had paid in this manner $2,400 she defaulted in the payment of one installment when due and a few days later Sproul gave her notice to quit and then took possession of the premises and retained the $2,400 paid. Lachman brought this action to recover the money paid in and the rent subsequently collected by Sproul. Verdict was had and judgment rendered for Lachman for $850. Sproul prosecuted trror. Held:

Lachman had an equity in the premises and she was entitled to recover it one way or another unless the clause in the contract for liquidated damages was valid. This was a question of law for the court. This court is of opinion that the clause in the contract was in the nature of a penalty and not a provision for liquidated damages. The judgment for Lachman was not in excess of her equity and this court sees no error in the case. Judgment affirmed.

Attorneys—A. W. Bell, for Sproul; Stephen M. Young, for Lachman, both of Cleveland.

---

### No. 284
### Opinion of Attorney General

In re ELECTIONS
No. 1221. February 23, 1924

448. ELECTIONS—Itemized statement of expenditures held prerequisite under GC. 5175-2

Ten day limitation for filing statement is directory, not mandatory.

Councilmen-elect may file statements after ten day period and qualify.

Judge of elections not eligible to be elected councilman.

797. MUNICIPAL CORPORATIONS—Mayor declaring three next highest candidates for councilmen eligible to take places of councilmen elected but not qualified, held unauthorized.

The opinion of the Attorney General of Ohio was requested on the following facts: The by-laws of the village of New Middletown provided that the second Tuesday of January should be the day of installation of newly elected officers The old council met on this day for the purpose of disposing of unfinished business and it developed that two of the newly elected councilmen were ineligible to

be qualified, for the reason that they had failed to file their expense statements with the board of elections, and the third ineligible councilman was a candidate for council while also a judge of elections in the village in which he was a candidate. As the three remaining elegible councilmen did not constitute a quorum, the mayor proceeded to declare the three next highest candidates in said council election eligible to take the places of the three ineligibles. Various newly elected members in several school districts also failed to file expense statements. The opinion of the Attorney General was requested in regard to the status of these newly elected members. His conclusions were as follows:

1. 5172-2 GC. requires an itemized statement of expenditures of every candidate who is voted for at any election before a commission or certificate of election shall issue.

2. 5172-2 GC. requiring that such expense statement be filed within ten days is not mandatory but directory.

3. The two newly elected councilmen who did not file their expense statement would be authorized to file them after the ten day period or before entering upon the duties of the office, and upon so complying and taking oath, would be authorized to assumme the duties of their office.

4. Under 5092 GC. the newly elected councilman who was judge of elections was ineligible to hold office as a councilman.

5. Under 4236 GC., which provides for filling a vacancy in a council, the mayor was without authority to declare the three next highest candidates in said council election eligible to take the places of the three ineligible, and so was without authority to make any appointment at that time.

## OHIO SUPREME COURT

### Pending Cases

Continued from Page 247

right, Masters turned over to the left, i. e., into the westbound street car track, when he was struck by a westbound street car.

There was evidence that this car did not ring the gong and that it was being operated at an unreasonable rate of speed. At the beginning of the trial defendant attempted to file an amended answer setting up a city ordinance, but the trial court refused to admit it. As the trial resulted in a verdict for plaintiff, defendant prosecuted error, claiming that the verdict was manifestly against the weight of the evidence, error in the court's charge and misconduct of one of the jurymen in that he failed to respond to a general inquiry to the jury as to whether any of them had been in any accident, when as a matter of fact one juryman had been in an automobile accident some time previous.

The Court of Appeals supstained the judgment, holding that the verdict was not against the weight of evidence; that no error was committed by the court in refusing to give certain special requests as they were covered in other requests; that the conduct of the juryman was not influenced by corrupt motives; and that counsel for The Traction Company should have made objection to the juryman at the earliest moment he ascertained the true state of facts.

The Traction Company filed its motion in the Supreme Court for an order to certify the record upon the ground that the Court of Appeals committed error in affirming the judgment of the Common Pleas Court.

Attorneys—Leo. J. Brumleve, Jr., for Traction Company; S. M. Johnson, T. M. Gregory and E. M. Powers. for Masters, all of Cincin-

**Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912,**

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for April 2, 1924.

State of Ohio, County of Cuyahoga, ss.

Before me, a Ntoary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443; Postal Laws and Regulations, printed on the reverse of this form, to wit:

1. That the names and addresses of the publisher, editor, managing editor and business managers are:

Publisher, The Law Abstract Co., Cleveland, Ohio. Editor, W. J. Tossell, Norwalk, Ohio. Managing Editor, J. F. Laning, Cleveland, Ohio. Business Manager, J. F. Laning, Cleveland, Ohio.

2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

J. F. Laning, Cleveland, Ohio; M. W. Laning, Cleveland, Ohio; C. E. Laning, Cleveland, Ohio; Robert Lanius, Lorain, Ohio; S. R. Laning, Cleveland, Ohio, and S. H. Torrey, Cleveland, Ohio.

3. That the known bondholders, mortgagees, and other security holders owning or holding 1 per cent or more of total amount of bonds, mortgages, or other securities are:

None.

4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company but also, in cases where the stockholder or security holder appears upon the books of the company as trustee or in any other fiduciary relation, the name of the person or corporation for whom such trustee is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association, or corporation has any interest direct or indirect in the said stock, bonds, or other securities than as so stated by him.

J. F. LANING, Business Manager.

Sworn to and subscribed before me

this 1st day of April, 1924.

Milton Hird, Notary Public.

My commission expires Sept. 10, 1926.